## CHESAPEAKE & O. RY. CO. v. McKELL.

(Circuit Court of Appeals, Sixth Circuit. April 6, 1915.)

No. 2702.

1. APPEAL AND ERROR ⬦══1099—LAW OF THE CASE—SUBSEQUENT APPEALS.
   Where evidence has been regarded by the members of a reviewing court on previous appeals as sufficient to support, if not imperatively leading to, a certain conclusion, the court should not subsequently hold the same evidence insufficient to make a question for the jury, unless its insufficiency most plainly appears, whether or not it is technically the law of the case that the evidence is sufficient.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4370-4379; Dec. Dig. ⬦══1099.]

2. APPEAL AND ERROR ⬦══1099—LAW OF THE CASE—SUBSEQUENT APPEALS.
   In an action against a railroad company for breach of a contract to purchase the coal on a tract of land, under which contract the company was to build a branch line eight miles long reaching to the land, where it was decided on former appeals that the contract contemplated all the coal on such tract, though it was obvious that the eight-mile line of railroad would not reach all of the land, and that the mining development thereof could only be through branches or spurs, the question whether this fact required a different construction of the contract, or a submission of the question to the jury, was not open to the consideration which it would otherwise have received; it appearing that the necessary and universal method of developing mining lands was through branches or spurs.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4370-4379; Dec. Dig. ⬦══1099.]

3. APPEAL AND ERROR ⬦══1006—HARMLESS ERROR.
   In an action for breach of a contract, where it was apparent that the jury had assessed the damages upon a highly minimized standard, the court on the third appeal in the case should not grant a new trial for errors in the admission or rejection of evidence, or in giving or refusing instructions, unless clearly satisfied of serious mistake.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3951-3954; Dec. Dig. ⬦══1006.]

In Error to the District Court of the United States for the Western Division of the Southern District of Ohio; Howard C. Hollister, Judge.

Action by Jean D. McKell, administratrix of Thomas G. McKell, deceased, against the Chesapeake & Ohio Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

---

⬦══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Judson Harmon, of Cincinnati, Ohio, for plaintiff in error.

Murray Seasongood, of Cincinnati, Ohio, and J. H. Holt, of Huntington, W. Va., for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and McCALL, District Judge.

DENISON, Circuit Judge. This is the fourth hearing in this court. See 175 Fed. 321, 99 C. C. A. 109, 20 Ann. Cas. 1097; 186 Fed. 39, 108 C. C. A. 141; 209 Fed. 514, 126 C. C. A. 336. It is unnecessary to repeat the statements of fact found in our former opinions. Upon the last trial, the issues were submitted to a jury, which found for the plaintiff and fixed the damages at $125,000. The defendant again assigns error.

[1] The assignments most insisted upon all rest on the claim that there was no evidence fairly tending to show an election by McKell to sell to the railroad all his minable coal. Whether any such evidence was shown by the record on the last review we expressly left undecided. 209 Fed. 521, 126 C. C. A. 336. The present record contains the same evidence, and some in addition. It is insisted that this new evidence carries no real additional force; and if we do not place dependence on it, we are constrained to decide the question which, at the last hearing, we found unnecessary. We cannot escape the conviction that, in the present stage of this litigation and with due regard to the first two opinions of this court, the evidence brought here upon the first review, and again included in the present record, required the court to submit this issue to the jury. It is true that, upon the first review, there had been in general terms an offer to prove that McKell closed the option, and the court was therefore bound to take this as a proved fact; but it is very clear that the court, as then constituted, regarded the then (and now) specifically proved letters and conduct of McKell as at least strongly tending to show the requisite election. Whether this evident opinion and conclusion of the court, as indicated on the original hearing, should be considered as part of the law of the case, is not clear; and this very lack of clearness supplies one of the reasons for reserving the entire subject in the last opinion. The further consideration we have now given satisfies us that it must at least be said that where certain evidence has plainly been regarded by the members of the reviewing court as sufficient to support, if not imperatively leading to, a certain conclusion, the court ought not subsequently to hold the same evidence insufficient for the lesser burden —at least unless the insufficiency most plainly appeared. The very circumstance strongly indicates that there must be ample room for fair difference of opinion, and so demonstrates necessity for submitting the issue to the jury. Giving due weight to this situation, and without considering what is or is not technically the "law of the case," we think it inadvisable to examine the question as if it were wholly new.

[2] It is also urged that the recovery should have been confined to a part of the claim, because the eight-mile line of railroad which the agreement contemplated was not long enough to develop all the coal

lands, or, at least, that this theory of limitation should have been submitted to the jury. Here, again, the former opinion must have its effect, and prevents the full consideration which might otherwise be given. It was an obvious fact upon the first hearing, as upon the last, that the agreed railroad did not come within three or four miles of some of the land, and that the mining development of this could only be through branches or spurs; but this was also the necessary method of developing even the lands which were close, and seems to be the universal method in mining regions. Coal cannot usually be loaded upon the main track of a railroad, and spurs one, or two, or more miles long are necessarily used. The parties understood this when they made the contract, and in spite of'this known physical situation it was decided on the first review that the contract contemplated all the coal, and, by proper election, might reach all the coal on the tract. The new evidence offered below and the present contentions amount only to placing additional emphasis upon one of the arguments thought to show that the former decision was wrong.

[3] A number of errors are assigned regarding details in the admission or rejection of evidence, or in the refusal of requests to charge the jury, or in the giving of specific instructions. We have examined these with the care which their earnest presentation demands, but we think it enough to state our conclusion that if there was any error it cannot be regarded as substantially prejudicial. The verdict includes interest for nearly 20 years. It imports damages—as of the year of the breach, 1894—for only about one-half of the amount of the verdict; and, considering the nature of the contract and the character of the breach and the vast amount of the coal affected, it is apparent that if there was damage at all to be figured, either by the acre or by the ton, the jury assessed that damage upon a highly minimized standard. With such a verdict, and with the history of this litigation, we could not rightfully permit another trial, unless we were clearly satisfied of serious mistake.

The judgment is affirmed, with costs.